

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

March 20, 2019

**BY ECF**

The Honorable Katherine Polk Failla
United States District Judge
40 Foley Square
New York, NY 10007

                     *Re: Nicholas v. Trump*, No. 18 Civ. 8828 (KPF)

Dear Judge Failla:

       This Office represents the defendants Donald J. Trump, in his official capacity as President of the United States, the Federal Emergency Management Agency ("FEMA"), Peter T. Gaynor, in his official capacity as Acting Administrator of FEMA,[1] the Federal Communications Commission (the "FCC"), and Ajit Pai, in his official capacity as Chairman of the FCC (collectively, the "Government"), in the above-referenced action brought by plaintiffs JB Nicholas, Kristine Rakowsky, and Liane Nikitovich (collectively, "Plaintiffs"). I write respectfully pursuant to Part 4.A of the Court's Individual Rules to request a pre-motion conference concerning the Government's anticipated motion to dismiss. For the reasons that follow, Plaintiffs' amended complaint should be dismissed in its entirety. Plaintiffs do not consent to the anticipated motion.

**Background**

       Plaintiffs seek a declaratory judgment and an injunction enjoining the Government from issuing Presidential Alerts to cellular telephones through the Wireless Emergency Alerts ("WEA") system. Am. Compl. ¶ 2, Prayer for Relief. Plaintiffs bring five claims alleging violations of the First Amendment, Fifth Amendment, and Administrative Procedure Act, the first four of which relate to Plaintiffs' fears of how the WEA system may be used in the future, and the fifth of which relates to the FCC's order granting limited waiver to permit the October 3, 2018, test of the WEA system. *Id.* ¶¶ 59–89. Plaintiffs seek the ability to "opt-out" of WEA Presidential Alerts, either for themselves or for their minor children. Plaintiffs also allege that there is a lack of clarity as to what "would justify a Presidential Alert." *Id.* ¶¶ 49, 52–57.

       The WEA system has several classes of alerts, one of which is the "Presidential Alert." *Id.* ¶ 4. Such alerts cannot be opted out of by consumers, but cellular providers may opt out. *Id.* ¶¶ 5, 36–37. Plaintiffs allege that a Presidential Alert may be initiated only by the President, but FEMA is "responsible for the maintenance and implementation of WEAs," and the FCC

---

[1] Acting Director Gaynor is automatically substituted in place of former Director William B. Long pursuant to Fed. R. Civ. P. 25(d).

The Honorable Katherine Polk Failla
Page 2

"regulat[es] commercial mobile service providers, including with respect to the transmission and delivery of Presidential Alerts" through its implementing regulations. *Id.* ¶¶ 13, 14, 16, 39. Plaintiffs assert that the Government violates the APA and the Constitution by "authorizing, enabling and implementing Presidential Alerts." *Id.* ¶ 7.

**Plaintiffs Lack Standing**

Plaintiffs bear the burden of alleging facts establishing the "irreducible constitutional minimum of standing." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). The complaint must clearly allege facts demonstrating that Plaintiffs have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016).

Plaintiffs lack standing because they have not alleged facts demonstrating an injury in fact that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560. Plaintiffs cannot depend on future injury for standing purposes if that injury will only arise "at some indefinite future time." *See id.* at 564. With respect to future Presidential Alerts (actual or tests), Plaintiffs do not allege that such alerts are actual or imminent, as opposed to conjectural or hypothetical. Indeed, contrary to Plaintiffs' conclusory allegation, Am. Compl. ¶ 58, the periodic testing of the WEA system (as one of four parts of the Integrated Public Alert and Warning System[2]) does *not* utilize Presidential Alerts. *See* Order (the "Waiver Order") in PS Docket No. 15-91, No. 15-94, FCC 18-752 (July 20, 2018), at ¶ 3 ("[U]nlike the end-to-end WEA tests allowable starting in May 2019, the nationwide WEA test will be sent under the Presidential classification."). Plaintiffs offer, at best, "[a]llegations of possible future injury" founded on a speculative, conjectural harm of a future Presidential Alert — not a "threatened injury" that is "certainly impending" — and thus, they "do not satisfy the requirements of Article III." *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990).

**The Court Lacks Jurisdiction Over Challenges to FCC Regulations and Orders**

All of Plaintiffs' claims regarding the inability to opt out of Presidential Alerts concern the validity of the regulations promulgated by the FCC in Title 47, Part 10, Subpart D of the Code of Federal Regulations, and of the Waiver Order permitting the October 3, 2018, test of the WEA system. *See* Am. Compl. ¶¶ 3–4, 19, 39–47. The Court lacks jurisdiction over these claims because Plaintiffs have brought their challenge (a) in the wrong court, and (b) too late.

Any proceeding to enjoin, set aside, annul, or suspend any final order of the Federal Communications Commission must be brought in the court of appeals.[3] *See* 28 U.S.C. § 2342(1); 47 U.S.C. § 402(a); *see also Kahn v. iBiquity Digital Corp.*, No. 06 Civ. 1536 (NRB), 2006 WL 3592366, at *3 (S.D.N.Y. Dec. 6, 2006) ("[A] district court may review neither the FCC's regulatory actions nor the outcome of those actions."); *Jones v. FCC*, No. 01 Civ. 693 (DLC),

---

[2] This system encompasses four emergency alerting systems: WEA, the Emergency Alert System, NOAA Weather Radio, and the All-Hazards Emergency Message Collection System.

[3] Certain orders must be challenged in the U.S. Court of Appeals for the District of Columbia Circuit, but that provision is inapplicable to this matter. *See* 47 U.S.C. § 402(b).

The Honorable Katherine Polk Failla
Page 3

2002 WL 2018521, at *2 (S.D.N.Y. Sept. 4, 2002) ("Congress has vested exclusive jurisdiction to review final FCC orders in the Courts of Appeals."); *id.* at *3 ("Beyond the limited grant to the district courts of jurisdiction over forfeiture orders, the Communications Act of 1934, 47 U.S.C. § 151 *et seq.*, 'cuts off original jurisdiction' in those courts in all other cases." (quoting *Telecomm. Research & Action Ctr. v. FCC*, 750 F.2d 70, 77 (D.C. Cir. 1984))). Moreover, any petition to review such an order must be filed "within 60 days after its entry" in the "court of appeals wherein venue lies." 28 U.S.C. § 2344. This timeliness requirement is jurisdictional. *New York v. United States*, 568 F.2d 887, 892 (2d Cir. 1977); *see also Matson Navigation Co. v. U.S. Dep't of Transp.*, 895 F.3d 799, 803 (D.C. Cir. 2018) ("The time limit is jurisdictional in nature, and may not be enlarged or altered by the courts." (internal quotation marks omitted)).

As alleged, the relevant regulations governing the WEA system were adopted on November 1, 2016. Am. Compl. ¶ 46; *see also* Wireless Emergency Alerts; Amendments to Rules Regarding the Emergency Alert System, 81 Fed. Reg. 75710 (Nov. 1, 2016); Report and Order in PS Docket No. 15-91, No. 15-94, FCC 16-127 (Sept. 29, 2016). The Waiver Order was adopted and released on July 20, 2018. *See* Am. Compl. ¶ 19. The proper route for judicial review was a petition for review filed in the court of appeals within 60 days of the order (in the case of the Waiver Order) or of publication in the Federal Register (with respect to the November 2016 regulations). After that time period has elapsed, the proper procedure is either to petition the FCC for a declaratory ruling, 47 C.F.R. § 1.2, or to initiate a new rulemaking proceeding, 47 C.F.R. § 1.401. *See FCC v. ITT World Commc'ns Inc.*, 466 U.S. 463, 468 n.5 (1984). Because Plaintiffs filed this action in federal district court on September 26, 2018, more than 60 days after the relevant FCC action, this Court lacks jurisdiction.

**Plaintiffs Fail to State a Plausible, Non-Conclusory Claim for Relief**

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Amended Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Stripped of its conclusory statements and blockquotes from statutes and regulations, the Amended Complaint is long on speculation but devoid of concrete allegations about Government misconduct. The "harm" alleged from the October 2018 test — which Plaintiffs knew was just a test — was an "audio alarm" that subjectively caused Plaintiffs "embarrassment" or "disrupti[on]." Am. Compl. ¶¶ 24–27. Nor do Plaintiffs allege that the test message itself — the contents of which they knew in advance — was ideological or unacceptable. *Cf. Wooley v. Maynard*, 430 U.S. 705, 714 (1977) (state forced individual's car "to be an instrument for fostering public adherence to an ideological point of view he finds unacceptable"). And as discussed above, with respect to future Presidential Alerts, Plaintiffs can only speculate as to whether and when such an alert would issue, and whether such message would be "potentially traumatizing" or ideological. The Amended Complaint thus fails to state a claim to relief that is plausible on its face.

The Honorable Katherine Polk Failla
Page 4

**Conclusion**

For the foregoing reasons, Plaintiffs' amended complaint should be dismissed.

We thank the Court for its consideration of this letter.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By:  s/ Anthony J. Sun
ANTHONY J. SUN
Assistant United States Attorney
86 Chambers St., 3rd Floor
New York, New York  10007
(212) 637-2810

cc:     (via ECF)
        All counsel of record